1  Dori L. Yob, Bar No. 227364
   dyob@hopkinscarley.com
2  Jeffrey E. Essner, Bar No. 121438
   jessner@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  70 S FIRST STREET
   SAN JOSE, CA  95113-2406
5
   *mailing address:*
6  P.O. Box 1469
   San Jose, CA 95109-1469
7  Telephone:     (408) 286-9800
   Facsimile:     (408) 998-4790
8  Attorneys for Plaintiffs

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

| | |
|---|---|
| Martins Beach 1, LLC and Martins Beach 2, LLC, | CASE NO.  16-5590 |
| Plaintiffs, | **COMPLAINT OF MARTINS BEACH 1, LLC AND MARTINS BEACH 2, LLC** |
| v. | **JURY DEMANDED** |
| Effie Turnbull-Sanders, Dayna Bochco, Mary Luevano, Wendy Mitchell, Mary K. Shallenberger, Mark Vargas, Martha McClure, Steve Kinsey, Carole Groom, Erik Howell, Roberto Uranga, Gregory Cox, John Laird, Janelle Beland, Thomas Gibson, Betty T. Yee, Anne Baker, Cindy Aronberg, Brian P. Kelly, Bruce April, Belinda Faustinos, Trent Orr, Steve Kram, Randy Pestor, Nidia Garcia-Erceg, Sarah Glade Gurney, Maricela Morales, Olga Diaz, each individually and in their official capacity as the California Coastal Commission; Lt. Gov. Gavin Newsom, Betty T. Yee, Michael Cohen, each individually and in their official capacities as the State Lands Commission; Steve Monowitz, individually and in his official capacity as Director of the San Mateo County Planning and Building Department, County of San Mateo, and DOES 1 through 50, inclusive, | |
| Defendants. | |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
BURBANK

748\1268067.8

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

Plaintiffs Martins Beach 1, LLC and Martins Beach 2, LLC hereby allege as follows:

**INTRODUCTION**

This case involves a concerted effort by state and local officials to single out, coerce, and harass one coastal property and its owner for refusing to cede its private property rights. For decades, Martins Beach was privately owned by a family that routinely chose whether, when, and how to allow the public to access its private property. And for decades, neither San Mateo County nor the California Coastal Commission (CCC) interfered in any way with the choices that the former owners of the property made on that score. That all changed, however, when the property changed hands in 2008. Almost immediately after Plaintiffs purchased the property, the County and the CCC made it their mission to try force the new owners to allow the public to access its private property—and on terms of the County's and the CCC's choosing. Since then, the County and the CCC have engaged in a persistent practice of singling out Plaintiffs alone for uniquely disfavored treatment, whether it be by demanding permits for actions that have never before required them, by refusing to grant permits for actions necessary to *preserve* the coastal property in question, by refusing to enforce trespass laws on the property, or by using the threat of condemnation to try to coerce the owners into surrendering their fundamental right to exclude the public from their private property. The campaign to strong-arm Plaintiffs only intensified with the adoption of SB 968, which targeted Plaintiffs for even greater disfavored treatment by granting the CCC an absolute power to impose a public right of way over Plaintiffs' property. And no other similarly situated property owner has been subjected to anything close to the same treatment. This irrational treatment of Plaintiffs as a uniquely disfavored "class of one" cannot be reconciled with the Equal Protection Clause or the basic requirements of due process. Simply put, the Constitution does not allow the government to use its regulatory power to force one property owner alone to forfeit property rights that the Constitution guarantees.

**THE PARTIES**

1.      Plaintiffs Martins Beach 1, LLC and Martins Beach 2, LLC (hereinafter collectively "Plaintiffs") are the fee simple owners of real property located at 22325 Cabrillo Highway, more

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

748\1268067.8                                 - 2 -
COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

particularly described as APN 066-330-230 and 066-330-240 and commonly known as "Martins Beach" ("Martins Beach" or the "Property").

2.      Plaintiffs are informed and believe, and based thereon allege, that the California Coastal Commission (the "CCC") is an independent, quasi-judicial state agency established by voter initiative in 1972 (Proposition 20) and made permanent by the Legislature through the adoption of the California Coastal Act of 1976.  Plaintiffs are informed and believe, and based thereon allege, that the Commission, in partnership with coastal cities and counties, plans and regulates the use of land and water in the coastal zone.  Plaintiffs are informed and believe, and based thereon allege, that the implementation of the Coastal Act policies is accomplished primarily through the preparation of local coastal programs (LCPs) that are required to be completed by each of the cities and counties that are located in the coastal zone.

3.      Plaintiffs are informed and believe, and based thereon allege, that Defendants Effie Turnbull-Sanders, Dayna Bochco, Mary Luevano, Wendy Mitchell, Mary K. Shallenberger, Mark Vargas, Martha McClure, Steve Kinsey, Carole Groom, Erik Howell, Roberto Uranga, Gregory Cox, John Laird, Janelle Beland, Thomas Gibson, Betty T. Yee, Anne Baker, Cindy Aronberg, Brian P. Kelly, Bruce April, Belinda Faustinos, Trent Orr, Steve Kram, Randy Pestor, Nidia Garcia-Erceg, Sarah Glade Gurney, Maricela Morales, Olga Diaz, sued herein individually and in their official capacities, are Commissioners of the CCC (Defendant CCC Commissioners are collectively referred to herein as "CCC Defendants").  The CCC Defendants have the primary responsibility for administering and implementing the provisions of the Coastal Act, and more particularly, those matters within the CCC's jurisdiction, including permit action, federal consistency review, appeal, local coastal program, port master plan, public works plan, long range development plan, categorical or other exclusions from coastal development permit requirements, or any other quasi-judicial matter requiring CCC action, for which an application has been submitted.

4.      Plaintiffs are informed and believe, and based thereon allege, that the California State Lands Commission (the "SLC") is an independent, quasi-judicial state agency established under the State Resources Agency.  Plaintiffs are informed and believe, and based thereon allege, that

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦PALO ALTO
BURBANK

748\1268067.8

- 3 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

1  the SLC regulates, oversees and administers the State of California's tidelands and submerged

2  lands held subject to the public trust and has the power to review and/or comment on any

3  proposed local coastal programs affecting state lands.  Plaintiffs are informed and believe, and

4  based thereon allege, that through the enactment of Cal. Public Resources Code § 6213.5, the

5  SLC is taking the actions set forth herein to acquire a right-of-way or easement for a public access

6  route across Plaintiffs' property.

7  5.      Plaintiffs are informed and believe, and based thereon allege, that Defendants Lt. Gov.

8  Gavin Newsom, Betty T. Yee and Michael Cohen, sued herein individually and in their official

9  capacities, are Commissioners of the SLC (Defendants Lt. Gov. Gavin Newsom, Betty T. Yee,

10  and Michael Cohen are collectively referred to herein as "SLC Defendants").  The SLC

11  Defendants have primary responsibility of administering the regulations and legislation effecting

12  the tidelands and submerged lands held subject to the public trust, including protection of these

13  lands through determination and issuance of leases for use or development, resolution of

14  boundaries between public and private lands and promotion of public access to waterways and the

15  coastline.  Plaintiffs are informed and believe, and based thereon allege, that the SLC Defendants

16  have primary responsibility for administering and carrying out the authority granted to the SLC

17  through the enactment of Cal. Public Resources Code § 6213.5 to acquire a right-of-way or

18  easement for a public access route across Plaintiff's property.

19  6.      Plaintiffs are informed and believe, and based thereon allege, that Defendant County of

20  San Mateo (the "County") is, and at all relevant times was, a political subdivision of the State of

21  California duly organized and existing under the California Constitution and all applicable State

22  laws.  Defendant County is, and at all relevant times, was, responsible for complying with all

23  applicable federal and state laws, as well as its own laws.

24  7.      Plaintiffs are informed and believe, and based thereon allege, that Defendant Steve

25  Monowitz is the Director of the San Mateo County Planning and Building Department.  Plaintiffs

26  are informed and believe, and based thereon allege, that San Mateo County Planning and

27  Building Department is an agency of the Defendant County, responsible for the performance of

28  services related to the physical environment for the unincorporated areas of the County as well as

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

748\1268067.8

- 4 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

specific Cities within the County through Joint Powers Agreements or by contract, including

responsibility for, among other things: (1) the administration of the County subdivision and

zoning regulations, including the evaluation and approval of the design of new development and

enforcement of such codes and regulations; and (2) the preparation and updating of development

regulations such as zoning and subdivision ordinances and the County General Plan, including the

LCP.  (Defendants Steve Monowitz and the County are referred to herein as "San Mateo County

Defendants").

8.      The CCC Defendants, SLC Defendants, and San Mateo County Defendants are

collectively referred to herein as "Defendants".

## JURISDICTION AND VENUE

9.      Jurisdiction to hear Plaintiffs' claims exists under 28 U.S.C. § 1331, under the Civil

Rights Act, 42 U.S.C. § 1983, "its jurisdictional counterpart," 28 U.S.C. § 1343(a)(3) and 28

U.S.C. §§ 2201 *et seq*.  This is an action for declaratory judgment and injunctive relief to redress

the past deprivation and prevent the further deprivation by the Defendants, and all of them, acting

under color of state law and ordinance of rights secured by the Constitution of the United States,

namely, the Due Process Clause and the Equal Protection Clause of the U.S. Constitution.

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to the claims raised in this lawsuit occurred in this

judicial district and because the property that is subject of this action is situated in this district.

11.      Assignment to the San Francisco Division of this District is proper pursuant to Local Rule

3-2(c)-(d) because a substantial part of the events or omissions giving rise to the claims raised in

this action occurred in San Mateo County.

## FACTUAL BACKGROUND

### The History and Historic Operation of the Property

12.      Plaintiffs obtained fee simple title to the Property by two separate Grant Deeds which

were recorded on July 22, 2008.  Martins Beach is private property that borders the Pacific

Ocean.  At the time of Plaintiff's purchase of the Property, there were approximately forty-eight

(48) homes situated on the Property and accessed via a private road on the Property that leads

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆PALO ALTO
BURBANK

748\1268067.8

- 5 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

1    from the entrance on Highway 1 to the beach (hereinafter "Martins Beach Road").

2    13.    Plaintiff's direct predecessors-in-interest, the Deeney family (the "Deeneys"), owned the

3    Property beginning in the early 1900s.  The Deeneys used the Property for agricultural purposes.

4    The Deeneys also constructed a parking lot on the Property, opened a convenience store on the

5    beach, and operated a business of inviting members of the public to use and access the Property in

6    exchange for payment of a fee, which ranged and increased over the years from $0.25 to $10.00.

7    The Deeneys did not allow individuals to walk onto the Property, but rather only allowed

8    customers to drive down Martins Beach Road and park their vehicle in the designated parking

9    area upon payment of the fee.  The invited public who chose to pay the fee were allowed to use

10   the parking area and the dry sand beach for recreational use and fishing.

11   14.    The Deeney family first opened their business sometime in the 1920s, before the

12   enactment of the Coastal Act.  Accordingly, the Deeney family did not apply for a Coastal

13   Development Permit to open their business.  Further, the Deeney family did not apply for a

14   permit when they periodically increased the fee charged to the public to use and access the

15   property when the business was open, and were never told by Defendants, or any public official,

16   that a permit was required for such acts.

17   15.    Beginning in or about the 1940s or 1950s, the Deeneys constructed and maintained on the

18   Property a locked gate, a fence, and "no trespassing" signs.  They Deeney family did not apply

19   for a permit to maintain and operate the gate on their property, did not apply for a permit to

20   maintain "no trespassing" signs on their property, and were never told by Defendants, or any

21   public official that a permit was required for such acts.

22   16.    The Deeneys locked the gate and closed the road leading to the beach any time they felt

23   like it, but it was routinely closed for private events, in the winter, and whenever an attendant was

24   unavailable to collect the fee.  The Deeney family did not apply for a permit each time it closed

25   the road leading to the beach, and were never compelled by Defendants, or any public official, to

26   obtain a Coastal Development Permit to operate their business as they deemed fit.

27   17.    To enforce their right to close their business and exclude visitors when they pleased, the

28   Deeney family patrolled the property, maintained a camera by the gate and two additional

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦PALO ALTO
BURBANK

748\1268067.8                                 - 6 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

1   cameras by the parking area, all of which were monitored from the store on the property.  If

2   someone came down Martins Beach Road without paying, or without permission of the owner or

3   manager, the individual(s) would be confronted and told if they want to come in, they must go get

4   their car and pay the daily fee. If a patron refused to leave, the Deeney family would call the

5   Sheriff who would respond to the property and remove the trespassers. Plaintiffs are informed and

6   believe that in the time the Deeney family owned the Property, the Sheriff never refused to

7   remove an unwanted trespasser from the Property.

8   18.     During the winter, the beach would routinely erode 10 to 15 feet from storms and rising

9   tides, making it unusable and unsafe and necessitating closing the Property to the invited public.

10   The Deeneys used heavy farming equipment to move approximately 1,000 yards of dirt each

11   winter in order to reconstruct the parking area.  The Deeney family did not apply for a permit

12   each winter when it reconstructed the parking area, and were never told by Defendants, or any

13   public official that a permit was required.   On information and belief, the Deeney family also

14   constructed a rock seawall without a Coastal Development Permit or objection from the CCC or

15   County.

16   19.     By 2008, the Deeneys determined that the beach was not profitable and was in a serious

17   state of disrepair and put the Property on the market.

18   20.     Plaintiffs are informed and believe, and on the basis allege, that the State of California

19   considered purchasing the Property when it was on the market but ultimately chose not to

20   purchase the Property.

21   **Plaintiffs Purchase the Property and the County and Coastal Commission Suddenly Target Plaintiffs And Demand Public Access on Arbitrary Terms**

22

23   21.     After Plaintiffs purchased the property, the San Mateo County Defendants and the CCC

24   Defendants began engaging in an intentional course of conduct to harass, coerce, and single out

25   Plaintiffs and frustrate their legitimate private property rights for purely personal and political

26   reasons.  Such conduct is completely contrary to any laws and/or regulations, including the

   California and United States Constitution, and well exceeds any legitimate police powers.

27   22.     For instance, after purchasing the property, Plaintiffs planted a row of native cypress trees

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

748\1268067.8       - 7 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

1   on the property.   Plaintiffs almost immediately received a letter from San Mateo County stating

2   that they must immediately remove the trees and obtain a permit before planting them again.

3   Plaintiffs immediately removed the trees and gave them to the neighboring property owner to the

4   North.  The neighbor planted the cypress trees on its property.   Plaintiffs are informed and

5   believe, and based thereon allege that  unlike the County's treatment of Plaintiffs, San Mateo

6   County has not questioned, interfered with, or asked the neighboring property owner to remove

7   the trees, and has not required the neighbor to get a permit to maintain the trees on its property.

8   23.     Further, after Plaintiffs purchased the Property, they continued the Deeney's practice of

9   charging a fee to people who wanted to use and access the beach by driving down Martins Beach

10   Road and parking a vehicle in the lot.  Consistent with the Deeney's practice, Plaintiffs did not

11   allow individuals to walk onto the Property.  Like the Deeneys, Plaintiffs closed the road leading

12   to the beach for private events, in the winter, and whenever an attendant was unavailable to

13   collect the fee.  Consistent with the Deeney's practice, Plaintiffs did not apply for a permit to

14   open and close the gate, whenever they deemed it necessary to do so.

15   24.     When Martins Beach Road was closed for the winter, Plaintiffs received correspondence

16   from the County entitled "Informational Warning Letter" stating that Planning Department staff

17   had observed that the gate of the driveway used to access the beach is closed and posted with a

18   "Beach Temporarily Closed" sign.  The County demanded a schedule of operation and an

19   explanation of how the schedule related to the "historic patterns of public use" to evaluate

20   whether future beach closures would trigger the need for a Coastal Development Permit.  On

21   information and belief, the County never sought such information from the Deeney family when

22   they engaged in the same kinds of routine, temporary closures of the Property to the public.

23   25.     Plaintiffs advised the County that although Plaintiffs did not concede the County's right to

24   require Plaintiffs to maintain public access, Plaintiffs intended to voluntarily maintain the same

25   amount and type of access as its predecessors, the Deeneys.

26   26.     Unsatisfied, the County issued another letter giving Plaintiff three options: (1) to

27   immediately allow public access on a year round basis with an entrance fee not to exceed two

28   dollars; (2) provide evidence documenting that the specific times, hours, terms and fees

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
BURBANK

748\1268067.8                    - 8 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

associated with the public use are the same as those that were in place in 1973 when the Coastal Development Permit requirements took effect; or (3) apply for a Coastal Development Permit requesting authorization for any changes in the times and terms of public use that have taken place since 1973 (35 years prior to Plaintiff's purchase of the Property).  The County thus insisted that maintaining the same public access terms that the Deeneys had maintained would not suffice.

27.     Plaintiffs are informed and believe and thereon allege that they are being treated differently than others who are similarly situated in that no other private Coastal Property owner in California has been forced to obtain a Coastal Development Permit in order to limit or eliminate permissive beach use and/or access, to close a private business, or to engage in the most mundane acts of property ownership such as opening and closing a gate on its property.

28.     On information and belief, the consistent policy and practice of the County and the Commission has been to allow property owners to close private beaches and other businesses on the coast –whether temporarily or permanently—without first obtaining government approval.  On information and belief, in no other instances have private property owners been harassed and coerced into granting a right of public access to their private property against their will.

(a)     Plaintiffs are informed and believe that the Red White and Blue Beach, once a popular beach and campground north of Santa Cruz, closed its operations without obtaining a Coastal Development Permit.

(b)     Plaintiffs are further informed and believe that a popular beach in San Gregorio, California was allowed to close its operations without obtaining a Coastal Development Permit.

(c)     Plaintiffs are further informed and believe that the beach commonly known as Sturgeon Beach, operates as they see fit.  They open and close whenever they deem it necessary to do so and on information and belief, have never been approached by the County Defendants or the CCC Defendants to change their fees, to change their hours of operation, or to allow permanent public access to their private property.

**Plaintiffs Sought to Exhaust Their Administrative Remedies By Requesting An Administrative Hearing; San Mateo County and the Coastal Commission Refuse**

29.     In hopes of putting an end to the County's and Coastal Commission's efforts to interfere

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

with their property rights, on June 16, 2009, Plaintiffs filed a lawsuit against the County of San Mateo and the California Coastal Commission seeking a judicial declaration of their rights and obligations with regard to the Property. (*See* San Mateo County Superior Court Case No. CIV485116).  Rather than allow the Court to resolve the issue, the County and the Coastal Commission filed demurrers.  The Court sustained the demurrers on the grounds that Plaintiff could not seek a judicial determination until it had complied with the administrative process provided by the California Coastal Act and received a final determination by either permit application or administrative enforcement hearing.

30.     Since then, Plaintiffs have consistently and repeatedly requested an administrative enforcement hearing pursuant to the objective rules of the County and the Coastal Commission, but the San Mateo County Defendants and the CCC Defendants have targeted Plaintiffs and unfairly deprived them of administrative hearings before San Mateo County and/or the California Coastal Commission, unless and until Plaintiffs agree to allow unfettered public access to their private property.   The San Mateo County Defendants and the CCC Defendants have intentionally refused to pursue an enforcement action, or allow Plaintiffs to reach a hearing, knowing that without doing so, Plaintiff cannot be afforded due process, cannot obtain a final determination on the issue, and cannot affirmatively seek judicial relief.

**San Mateo County Superior Court Found There is No Right of Public Access on the Property**

31.     As On October 21, 2012, five men trespassed on the Property through the closed and locked gate to surf at Martins Beach, were asked to leave, and refused.  The property manager contacted the San Mateo County Sherriff's Office to report the trespass.  Patrol Officers from the Sherriff's Office responded to the call, read the men their Miranda rights, fingerprinted, photographed and issued arrest citations for trespassing. The arrest was widely reported in the media and on social networking sites.

32.     On October 29, 2012, an "unincorporated association" referred to as "Friends of Martins Beach" filed a lawsuit against Plaintiffs in San Mateo County Superior Court, asserting seven separate causes of action, alleging theories requiring Plaintiffs to allow public access and seeking

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

748\1268067.8

- 10 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

to establish the general public's right to use certain portions of the Property (*See* San Mateo County Superior Court Case No. CIV517634 hereinafter referred to as the "Friends of Martins Beach Lawsuit").  Plaintiffs cross-complained asserting two causes of action for declaratory and injunctive relief.

33.     The San Mateo County District Attorney's Office dismissed trespassing charges against the five men because the "Friends of Martins Beach" lawsuit was pending in the Superior Court. After the trespassing charges were dismissed, the incidents of trespass intensified and trespassers began ignoring requests that they leave the Property and became confrontational with the property manager.  The property manager continued to contact the San Mateo County Sheriff's Office to report trespassers and was repeatedly told that the patrol force would no longer issue citations or respond to trespass calls on the Property due to the civil dispute.  After the San Mateo County Sheriff's Office stopped issuing citations, the incidents of trespass increased and became more and more widely publicized in the media.

34.     On October 24, 2013, the San Mateo County Superior Court, by oral ruling, granted Summary Judgment in Case No. CIV517634 in favor of Plaintiffs and against Friends of Martins Beach.  In its written decision dated April 30, 2014, the Court expressly held "the private property at issue is indisputably owned in fee simply by the Defendants [Plaintiffs herein] and that [Friends of Martins Beach] has no cognizable legal theory which gives it the right to access Defendants' private property."   Friends of Martins Beach appealed the decision to the First District Court of Appeal.

35.     On April 27, 2016, the First District Court of Appeal issued its decision affirming in part, and reversing in part the decision of the trial court.  (*See Friends of Martin's Beach v. Martin's Beach 1 LLC* (2016) 246 Cal. App. 4th 1312 [review denied and ordered not to be officially published (July 20, 2016)].)  The Court of Appeal reversed and remanded the case for trial of the cause of action for express dedication asserted by Friends of Martins Beach.  The remanded cause of action is now pending in San Mateo County Superior Court.  The Court of Appeal affirmed the trial court's decision in favor of Martins Beach 1, LLC and Martins Beach 2, LLC on all other causes of action.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆PALO ALTO
BURBANK

748\1268067.8                                    - 11 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

**Incidents of Trespass Increased and the Sheriff and the County of San Mateo Refused to Enforce the Trespass Laws**

36.     Subsequent to the Court's ruling in the Friends of Martins Beach case, Martins wrote a letter to the District Attorney's Office, the Office of San Mateo County Counsel, and the San Mateo County Sheriff's Office attaching a copy of the San Mateo County Superior Court Judgment in the Friends of Martins Beach case, where the Court expressly found that that there is no right of "public access or easement for the public to use or access the Property for any purpose whatsoever."   Martins requested that trespass laws be immediately enforced as they had been for decades.

37.     The County of San Mateo took the position that the right of others to access Martins Beach "remains unclear and unresolved".   To this day, and despite repeated requests for enforcement, the Sheriff and the County continue to refuse to enforce the trespass laws on the Martins Beach property as they did for decades when the property was owned by the Deeney family.

38.     The incidents of trespass on the Property have progressively increased in frequency since the Friends of Martins Beach Lawsuit was filed and decided.  Trespassers have become increasingly threatening and aggressive, disregarding their own safety and the safety of the residents of the Property, and exposing the LLCs to potential liability.

39.     After learning that the Sherriff's Office would not cite trespassers, Plaintiffs hired a private security guard from time to time to monitor the Property for trespassers.  Many of the trespassers ignored the security guard and continued down the road to the beach.  Plaintiffs are effectively prevented from exercising their constitutional right to exclude others from their private property.

**The Surfrider Foundation Lawsuit**

40.     On March 12, 2013, the Surfrider Foundation ("Surfrider") filed a lawsuit against Plaintiffs in San Mateo County Superior Court alleging causes of action for: (1) Declaratory Relief seeking a declaration that Plaintiffs acts constituted a violation of the Coastal Act by conducting "development' in a "coastal zone" without a permit by closing the pre-existing gate

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

on the property, employing security guards, and painting a billboard on the property; (2) Injunctive Relief to prevent Plaintiffs from "blocking access" to the coastal zone at the Property without a CDP; and (3) Daily Fines for Violations of the Coastal Act (San Mateo County Superior Court Case No. CIV520336).  Plaintiffs cross-complained asserting two causes of action for declaratory and injunctive relief.

41.     On May 8, 2014, a bench trial commenced in the Surfrider litigation.  On December 1, 2015, the Court entered Judgment in favor of Surfrider and against Plaintiffs finding that by closing a pre-existing gate on the property, employing security guards, and painting a billboard on the property, Plaintiffs engaged in "development" in violation of the Coastal Act.  The court issued injunctive relief requiring Plaintiffs to cease preventing the public from accessing and using the water, beach and coast at the Property until resolution of its CDP application and to unlock and open the gate across Martins Beach Road to the same extent that it was unlocked and open at the time Plaintiffs purchased the Property.  The Court ruled against Surfrider on its claim for penalties finding that Plaintiffs acted in good faith.

42.     The Surfrider case is currently on appeal.

**The Coastal Commission Improperly Asserted its Jurisdiction and Insisted Access Be Provided as a Pre-Condition to Approving The Permit Application For the Revetment**

43.     Under the California Coastal Act, once the CCC certified San Mateo's Local Coastal Program in 1981, the authority to permit coastal development was delegated from the Commission to the County, except the Commission retained jurisdiction to permit "any development proposed or undertaken on any tidelands, submerged tidelands, or on public trust lands."  (Pub. Res. Code §30519(b).)

44.     Sometime after Plaintiffs purchased the Property, some of the cabin residences were facing the imminent threat of damage or destruction due to strong wave action, including Cabins 1, 2, and 3.  Allen Cunha leases a residence from Martins Beach 1, LLC, known as Cabin 1.  With the permission of property owner, Martins Beach 1, LLC and on behalf of Mr. Cunha, a respected consulting, civil, geotechnical, and costal engineering firm known as Haro, Kasunich &

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto
Burbank

748\1268067.8

- 13 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

1   Associates, designed a rip-rap revetment[1] to be installed immediately in front of an existing

2   seawall on the Property.  The revetment and all work necessary to perform the project was to take

3   place in an area landward of the mean high tide line ("MHTL"), and therefore outside the permit

4   jurisdiction of the Coastal Commission.

5   45.     Haro, Kasunich & Associates, Inc. submitted to the County an application for a Coastal

6   Development Permit to install the revetment.  Despite survey evidence that the project was to take

7   place in an area landward of the MHTL, and therefore outside the jurisdiction of the CCC, the

8   County refused to process the application on the grounds that the project fell within the CCC's,

9   not the County's, jurisdiction.   Specifically, Steve Monowitz, then Deputy Director of Planning

10  at the County, concluded "it is in the best interest of everyone involved to confirm that the CCC

11  concurs with this determination, so I suggest we wait to hear back from [the Commission] before

12  proceeding."

13  46.     The CCC eventually issued Boundary Determination 01-2012 which stated, in part, "the

14  existing and proposed seawalls...appear to be bisected by the Coastal Commission permit

15  jurisdiction boundary in the manner indicated on Exhibit 2."   The exhibit attached to BD 01-2012

16  graphically depicted the Commission's permit jurisdiction extending well landward of the

17  existing seawall and reaching nearly to the threshold of the front door of Mr. Cunha's residence.

18  The Boundary Determination was inconsistent with the standard methodology typically used by

19  the CCC to determine the location of the MHTL.

20  47.     After the legal and technical errors in BD 01-2012 were pointed out, the Commission

21  agreed to revisit the conclusion of the boundary determination and requested additional

22  documents and information, all of which was provided.

23  48.     In the meantime, as the threat to three residences worsened, and an application was

24  submitted to the County for an emergency permit to install temporary shore protection structure.

25  The County issued the Emergency Coastal Development Permit which stated "This approval does

26
---
[1] A flexible channel or bank lining or facing consisting of a well graded mixture of rock, broken

27  concrete, or other material, usually dumped or hand-placed, which provides protection from

erosion.  *See* U.S. Department of Transportation, Federal Highway Administration,

28  http://www.fhwa.dot.gov/engineering/hydraulics/pubs/hec/hec11sI.pdf.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
BURBANK

748\1268067.8                                - 14 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

not authorize any part of the described project that the California Coastal Commission determines is within and under their permitting jurisdictional authority.  Nor shall this approval be interpreted to imply that the County disagrees with the Coastal Commission's jurisdictional determination.  Nothing in this approval shall be interpreted to waive or prejudice the County's rights under the provisions of Chapter 4 of the San Mateo County Zoning Regulations as they apply to the parcel's non-conforming uses, structures and situations."

49.     The CCC then issued a new Boundary Determination—BD 01-2013—in which it declared that it "is asserting jurisdiction over that portion of the existing seawall and proposed seawall projects, as shown on Exhibit 2."  Exhibit 2 shows the Commission's permit boundary in basically the same place as the "illustrative" line drawn in BD 01-2012 except that it strays further landward to again reach Mr. Cunha's front door.  The BD offers no explanation for the determination other than the conclusory assertion that it is based on "information provided and available in our office" and "on the existence of tidelands, submerged lands and public trust lands."  The BD fails to mention the MHTL, or explain whether or how its depicted boundary relates to the MHTL.

50.     The CCC then issued Emergency Coastal Development Permit 2-13-007-G authorizing temporary emergency development of a 960-foot long rock rip-rap revetment on the Property.  The CCC's Emergency Coastal Development Permit explained that the County also issued an Emergency Coastal Development Permit "for that portion of the temporary emergency development that is located inland of the CCC's retained jurisdiction area…"  The Commission explained that the "two ECDP's together authorize the temporary emergency development at this site."

51.     The CCC's Emergency Coastal Development Permit states "the temporary emergency development carried out under this ECDP is at the Permitees' risk and is considered to be temporary work done in an emergency situation to abate an emergency.  If the Permitees wish to have the temporary emergency development become a longer term development, a regular CDP must be obtained.  A regular CDP is subject to all the provisions of the California Coastal Act and may be conditioned or denied accordingly."

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

748\1268067.8                              - 15 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

52. The revetment was constructed pursuant to the Emergency Coastal Development Permit. Subsequently, Allen Cunha filed an application for a CDP to allow the rip-rap revetment that was constructed pursuant to the Emergency Coastal Development Permit to temporarily remain in place (for up to five more years). The CCC would not process the application unless and until Plaintiffs were included as an applicant so as to maintain leverage over Plaintiffs. Plaintiffs applied, as requested, and also requested that the emergency permit be extended while the temporary permit application was pending.

53. The CCC has refused to grant or deny the request to extend the emergency permit while the application for a temporary revetment is pending. The CCC has consistently and repeatedly responded to multiple submissions from the Plaintiff by deeming the application "incomplete" and requesting information that is either irrelevant or unavailable. Although the CCC refuses to process the application for a temporary revetment, it repeatedly threatens fines since the Emergency Permit has not been extended. The CCC has consistently taken the positon that it is the applicant's burden to prove that the revetment will not interfere with public access.

54. Ultimately, Mr. Cunha and Martins Beach 1, LLC submitted a survey of the mean high tide line ("MHTL") to the State Lands Commission for a Boundary Determination. The survey shows that the MHTL lies seaward of the temporary revetment project area. Subsequently, the State Lands Commission ("SLC") performed its own survey of the Property which closely corresponds to the MHTL as depicted by Haro, Kasunich & Associates. Both surveys confirm that no portion of the revetment project area is within the Commission's permit jurisdiction. Both surveys were sent to the CCC. The CCC has failed to respond and both the CCC and County refuse to process the application for a Coastal Development Permit to allow the rip-rap revetment to remain in place.

**The California Legislature Enacted a Law Requiring the State to Negotiate with the Property Owner to Obtain Access or to Acquire a Right-of-Way or Easement**

55. To the extent there was any doubt that Plaintiffs were being singled out for uniquely disfavored treatment, the Legislature adopted, and Governor Brown signed into law SB 968, which singles out Plaintiffs and Plaintiffs' property for a special permitting process that

Hopkins & Carley
Attorneys At Law
San Jose ◆Palo Alto
Burbank

748\1268067.8

- 16 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

specifically allows the public to 'acquire a right-of-way or easement.

56.     SB 968 was codified as Public Resources Code section 6213.5,  and provides, in part:

> (a)(1) The commission shall consult, and enter into any necessary negotiations, with the owners of the property known as Martins Beach…to acquire a right-of-way or easement…for the creation of a public access route to and along the shoreline… at Martins Beach…
>
> …
>
> (b)     If the commission is unable to reach an agreement to acquire a right-of-way or easement...by January 1, 2016, the commission may acquire a right-of-way or easement, pursuant to Section 6210.9...

57.     The obvious purpose of this legislation is to create yet one more piece of leverage, for Defendants to use in trying to intimidate, harass, and coerce Plaintiffs into sacrificing their private property rights.

58.     Moreover, despite the express language of Public Resources Code section 6213.5, which acknowledges that no 'public access' rights currently exist over Plaintiffs property, the CCC Defendants continue to use their control over the permitting process as leverage in an attempt to coerce Plaintiffs to cede their private property rights.

## FIRST CLAIM FOR RELIEF
(Declaratory and Injunctive Relief Against the SLC Defendants
Prohibiting Enforcement of Public Resources Code §6213.5 Pursuant To The Equal
Protection Clause in the United States and California Constitution
42 U.S.C. §1983, U.S. Const., Fourteenth Amendment, Cal. Const., Art I, §7)

59.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 58 above, and incorporate those allegations herein by this reference.

60.     The First Claim for Relief is brought pursuant to the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and pursuant to the Equal Protection Clause in Article 1, Section 7 of the California Constitution.  The First Claim for Relief is also brought pursuant to 42 U.S.C. §1983 which states in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom or usage of any state…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto
Burbank

748\1268067.8                                   - 17 -
COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

1   deprivation of any rights, privileges, or immunities securities by the Constitution and laws, shall

2   be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

3   redress…"

4   61.   Public Resources Code Section 6213.5 violates the Federal and State Equal Protection

5   Clauses and 42 U.S.C. §1983 in that on its face, the statute individually targets Plaintiffs, rather

6   than applying generally to all similarly situated property owners on the coast.  The statute

7   therefore deprives Plaintiffs of their right to be treated the same as all other coastal property

8   owners in the State.

9   62.   Plaintiffs are informed and believe, and on that basis allege, that unless the SLC

10   Defendants are restrained and enjoined by order of this court from enforcing § 6213.5, which is

11   unconstitutional as described above, Plaintiffs will suffer irreparable harm in that their

12   constitutional rights will be violated.

13   63.   The threat of such irreparable and permanent damage justifies the issuance of an

14   injunction enjoining the SLC Defendants and their agents, attorneys, servants, employees, and

15   representatives, and all persons acting in concert or participating with them from enforcing or

16   instituting proceedings to enforce Public Resources Code section 6213.5 against Plaintiffs.

17   64.   Plaintiffs have been forced to bring this Complaint and to pursue this action to vindicate

18   Plaintiffs rights and to prevent the SLC Defendants from continuing to engage in, or refuse to

19   rectify, unconstitutional and arbitrary and capricious conduct prescribed by section 1983.

20   Plaintiffs are, therefore, entitled to, and seek to recover, an award of attorneys' fees and costs

21   pursuant to 42 U.S.C.  §1983.

22   **SECOND CLAIM FOR RELIEF**

23   (Declaratory and Injunctive Relief Against the SLC Defendants
Prohibiting Enforcement of Public Resources Code § 6213.5

24   Cal. Const., Art IV, §16)

25   65.   Plaintiffs repeat and reallege the allegations of paragraphs 1 through 64 above, and

26   incorporate those allegations herein by this reference.

27   66.   The Second Claim for Relief is brought pursuant to Article IV, section 16 of the

28   California Constitution which provides "[a] local or special statute is invalid in any case if a

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

748\1268067.8                                    - 18 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

1  general statute can be made applicable."

2  67.     Public Resources Code §6213.5 is unconstitutional and in direct conflict with Article IV,

3  section 16 of the California Constitution in that a generally applicable statute can be made

4  applicable.  Specifically, Public Resources Code Section 6210.9, provides that if the "[State

5  Lands Commission] has public land, including school land, tide or submerged lands, and lands

6  subject to the public trust for commerce, navigation, and fisheries, to which there is no access

7  available, it may, in the name of the state, acquire by purchase, lease, gift, exchange, or, if all

8  negotiations fail, by condemnation, a right-of-way or easement across privately owned land or

9  other land that it deems necessary to provide access to such public land."

10  68.     Public Resources Code section 6213.5 therefore violates Article IV, section 16 of the

11  California Constitution in that Public Resources Code section 6213.5 applies only to Plaintiffs'

12  Property and is not a law of general applicability.

13  69.     Plaintiffs therefore request that a declaratory judgment be entered decreeing that Public

14  Resources Code section 6213.5 is unconstitutional and void.

15  70.     Plaintiffs are informed and believe, and on that basis allege, that unless the SLC

16  Defendants are restrained and enjoined by order of this court from enforcing § 6213.5, which is

17  unconstitutional as described above, Plaintiffs will suffer irreparable harm in that their

18  constitutional rights will be violated.

19  71.     The threat of such irreparable and permanent damage justifies the issuance of an

20  injunction enjoining the SLC Defendants and their agents, attorneys, servants, employees, and

21  representatives, and all persons acting in concert or participating with them from enforcing or

22  instituting proceedings to enforce Public Resources Code section 6213.5 against Plaintiffs.

23  **THIRD CLAIM FOR RELIEF**

24  (Declaratory and Injunctive Relief Against the SLC Defendants
    Prohibiting Enforcement of Public Resources Code § 6213.5

25  Unconstitutional Bill of Attainder - U.S. Const., Art I, §10)

26  72.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 71 above, and

27  incorporate those allegations herein by this reference.

28  73.     The Third Claim for Relief is brought pursuant to Article 1, Section 10, of the

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦PALO ALTO
BURBANK

748\1268067.8                    - 19 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

Constitution of the United States.   Public Resources Code Section 6213.5 is a Bill of Attainder in violation of Article 1, Section 10, of the Constitution of the United States, in that a motivating factor for the legislative enactment is punitive and is a mere pretext for discriminatory conduct.

74.     Plaintiffs therefore request that a declaratory judgment be entered decreeing that Public Resources Code section 6213.5 is a Bill of Attainder and is therefore unconstitutional and void.

## FOURTH CLAIM FOR RELIEF

(Violation of Equal Protection Under the United States and California Constitutions
Against The San Mateo County Defendants and the CCC Defendants
42 U.S.C. §1983, U.S. Const., Fourteenth Amendment, Cal. Const., Art I, §7)

75.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 74 above, and incorporate those allegations herein by this reference.

76.     The Fourth Claim for Relief is brought pursuant to the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and pursuant to Article 1, Section 7 of the California Constitution.  The Equal Protection Clause in both the California and United States Constitution forbids the state from intentionally treating one person differently than other similarly situated people without a rational basis.  The United States and California Constitutions require that laws bear equally in their burdens and benefits upon persons standing in the same category.   The Fourth Claim for Relief is also brought pursuant to 42 U.S.C.  §1983 in that the actions, omissions, and inactions of the San Mateo County Defendants and the CCC Defendants as alleged herein constitute deprivations of the privileges and immunities guaranteed to Plaintiffs by the United States Constitution and the laws of the United States in violation of 42 U.S.C.  §1983.  Such acts, omissions, and inactions constitute a pattern of conduct under color of law within the meaning of section 1983.

77.     By doing the things alleged herein, the San Mateo County Defendants and the CCC Defendants have deprived Plaintiffs of equal protection in violation of the United States Constitution.   Plaintiffs are a "class of one" in that they have been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment.  Plaintiffs have been treated differently than the prior owner of the Property (the Deeney Family) and other similarly situated coastal property owners as alleged above, without

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto
Burbank

748\1268067.8                                   - 20 -
COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

1    any rational basis for such disparate treatment.

2    78.    While engaging in the conduct herein described, the San Mateo County Defendants and

3    the CCC Defendants acted at all times under color and authority of law.  Among other things,

4    acting under the color of law, the San Mateo County Defendants and the CCC Defendants have

5    engaged in a course of conduct that singles out and treats Plaintiffs differently since they will not

6    cede a portion of their private property for a public access easement.  Among other things the San

7    Mateo County Defendants and the CCC Defendants: (a) refuse to take action on any permit

8    application on the Property claiming Plaintiffs must first cure the existing "violation" on the

9    Property by providing public access; (b) refuse to grant Plaintiffs an administrative enforcement

10   hearing; (c) refuse to accept the standard methodology for determining the mean high tide line so

11   the California Coastal Commission may improperly retain jurisdiction over the application for the

12   temporary revetment; (d) refuse to extend the Emergency Permit or act on the CDP application

13   for the temporary revetment claiming that the application is "incomplete" and requesting

14   information that is either irrelevant or unavailable; (e) refuse to enforce trespass laws on the

15   Property; (f) threaten to impose fines and penalties on the owner for failing to comply with

16   demands to provide the public with access to Plaintiffs private property; and (g) demand public

17   access to the private Property be allowed on terms dictated by the CCC and the County.

18   79.    Ms. Haage told Plaintiffs that the CCC "knows how to deal" with people like Plaintiffs,

19   that the CCC has all of the "leverage", and that they would wrap Plaintiffs "in red tape", and

20   would never allow Plaintiffs to reach a hearing, until Plaintiffs agree to provide access.

21   80.    Armed with the unfair terms of Public Resources Code §6213.5, which guarantee public

22   access rights even if the parties fail to reach an agreement during negotiations, the San Mateo

23   County Defendants and the CCC Defendants have thus engaged in a concerted and targeted

24   campaign to coerce Plaintiffs into granting public access rights against their will and without just

25   compensation.

26   81.    Plaintiffs are informed and believe and thereon allege that there is no similarly situated

27   property owner over whom the San Mateo County Defendants and the CCC Defendants have

28   similarly leveraged their permitting authority in order to coerce a property owner to give up its

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
BURBANK

748\1268067.8                          - 21 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

1    constitutional property rights.

2    82.    There is no rational basis for the San Mateo County Defendants and the CCC Defendants

3    to intentionally treat Plaintiffs differently than others similarly situated.

4    83.    The appropriate remedy in this case is declaratory and injunctive relief, preventing the San

5    Mateo County Defendants and the CCC Defendants from violating Plaintiffs constitutional

6    rights.

7    84.    Unless the San Mateo County Defendants and the CCC Defendants are enjoined from

8    committing the above-described violations of the Fourteenth Amendment, Plaintiffs will continue

9    to suffer great and irreparable harm.

10   85.    Plaintiffs have been forced to bring this Complaint and to pursue this action to vindicate

11   Plaintiffs rights and to prevent the San Mateo County Defendants and the CCC Defendants from

12   continuing to engage in, or refuse to rectify, unconstitutional and arbitrary and capricious conduct

13   prescribed by section 1983.  Plaintiffs are, therefore, entitled to, and seek to recover, an award of

14   attorneys' fees and costs pursuant to 42 U.S.C. §1983.

15                          **FIFTH CLAIM FOR RELIEF**
                   (Violation of Substantive and Procedural Due Process
16          Against The San Mateo County Defendants and the CCC Defendants
            42 U.S.C. §1983, U.S. Const., Fourteenth Amendment, Cal. Const., Art 1, §7
17

18   86.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 85 above, and

19   incorporate those allegations herein by this reference.

20   87.    The Fifth Claim for Relief is brought pursuant to the Due Process Clause of the

21   Fourteenth Amendment to the United States Constitution and Article 1, Section 7 of the

22   California Constitution, both of which forbid the state from depriving a person of live, liberty, or

23   property without due process of law.  The Fifth Claim for Relief is also brought pursuant to 42

24   U.S.C.  §1983 in that the actions, omissions, and inactions of the San Mateo County Defendants

25   and the CCC Defendants as alleged herein constitute deprivations of the privileges and

26   immunities guaranteed to Plaintiffs by the United States Constitution and the laws of the United

27   States in violation of 42 U.S.C.  §1983.  Such acts, omissions, and inactions constitute a pattern

28   of conduct under color of law within the meaning of section 1983.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO
BURBANK

748\1268067.8

- 22 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

88.     The San Mateo County Defendants and the CCC Defendants have engaged in the aforementioned intentional course of conduct to frustrate Plaintiffs legitimate private property rights for purely personal and political reasons.  Such conduct is completely contrary to any laws and/or regulations and well beyond legitimate delegated police powers.  Accordingly, such conduct is not rationally related to a legitimate governmental interest and violates Plaintiff Substantive and Procedural Due Process Rights.

89.     Acting under the color of state law, the San Mateo County Defendants and the CCC Defendants have violated and abridged Plaintiffs' Substantive Due Process rights by illegally and unfairly targeting Plaintiffs by, among other things failing to consistently apply the objective statutory scheme in the Coastal Act to Plaintiffs in the same way that it is applied to all coastal property owners.  Threatening Plaintiffs with fines, penalties, and enforcement actions for alleged violations of the Coastal Act unless and until Plaintiffs agree to cede their constitutional private property rights.  Through their conduct, as detailed above, the San Mateo County Defendants and the CCC Defendants have arbitrarily and capriciously interfered with Plaintiffs private property rights, caused a restriction of the right to exclusive use of Plaintiffs private property, and caused a diminution in the value of the Property.   The conduct of the San Mateo County Defendants and the CCC Defendants is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.

90.     Acting under the color of state law, the San Mateo County Defendants and the CCC Defendants have violated and abridged Plaintiffs' Procedural Due Process rights by targeting Plaintiffs and unfairly depriving them of administrative hearings before San Mateo County and/or the California Coastal Commission.   Among other things, the San Mateo County Defendants and CCC Defendants continue to take the position that almost every conceivable action or movement on the property requires a permit and that no permit will be processed, let alone granted, unless and until Plaintiffs agree to allow unfettered public access to their private property.  The San Mateo County Defendants and the CCC Defendants are holding permits hostage and depriving Plaintiffs of their due process rights unless and until Plaintiffs cede their private property rights.  Such conduct has caused an impairment of Plaintiffs private property rights, a restriction

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦PALO ALTO
BURBANK

748\1268067.8

- 23 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

on Plaintiffs right to use their property, and a diminution in Plaintiffs property value.

91.     Unless the San Mateo County Defendants and the CCC Defendants County are enjoined from committing the above-described violations of Plaintiffs due process rights, Plaintiffs will continue to suffer great and irreparable harm.

92.     Plaintiffs have been forced to bring this Complaint and to pursue this action to vindicate Plaintiffs rights and to prevent the San Mateo County Defendants and the CCC Defendants from continuing to engage in, or refuse to rectify, unconstitutional and arbitrary and capricious conduct prescribed by section 1983.  Plaintiffs are, therefore, entitled to, and seek to recover, an award of attorneys' fees and costs pursuant to 42 U.S.C. §1983.

### SIXTH CLAIM FOR RELIEF

(Temporary or Permanent Physical Taking of Property Rights Without Just Compensation Against the San Mateo County Defendants and CCC Defendants 42 U.S.C. §1983, U.S. Const., Fifth Amendment, Cal. Const., Art I, §19.)

93.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 92 above, and incorporate those allegations herein by this reference.

94.     The Sixth Claim for Relief is brought pursuant to the 5th Amendment to the United States Constitution which commands that private property shall not be taken for public use, without just compensation and pursuant to 42 U.S.C. §1983.

95.     The Sixth Claim for Relief is also brought pursuant to Article I, Section 19 of the California Constitution which provides in pertinent part: "Private property may be taken or damaged for public use only when just compensation, ascertained by a jury unless waived, has first been paid to, or into court, for the owner…"  The protection provided by the takings cause of the California Constitution, is broader than, or at least coextensive with, that provided by the takings clause of the Fifth Amendment to the United States Constitution.

96.     The San Mateo County Defendants and CCC Defendants have created a physical taking of Plaintiffs property by treating said property as if there were an easement for access and an easement for use of the beach by the public.  The San Mateo County Defendants and CCC Defendants have temporarily taken Plaintiffs property without compensation as they have ordered Plaintiffs to keep its private beach open to the public at all times and to maintain a public beach,

Hopkins & Carley
Attorneys At Law
San Jose ♦Palo Alto
Burbank

748\1268067.8

- 24 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

1   public right-of-way, and public parking on private property even though there is no public

2   easement or permit condition so requiring and the San Mateo County Defendants and CCC

3   Defendants do not otherwise have a legal right of access to Plaintiff's property.  The San Mateo

4   County Defendants and CCC Defendants have temporarily taken Plaintiffs property by failing

5   and refusing to enforce Plaintiffs private property rights and trespass laws.   The actions of the

6   San Mateo County Defendants and CCC Defendants have eviscerated Plaintiff's right to exclude

7   others from entering and using its property – one of the most fundamental of all property

8   interests.  The actions of the San Mateo County Defendants and CCC Defendants therefore

9   constitute a physical taking in violation of State and Federal Constitutions.

10   97.     Unless the San Mateo County Defendants and the CCC Defendants County are enjoined

11   from committing the above-described violations of Plaintiffs constitutional rights, Plaintiffs will

12   continue to suffer great and irreparable harm.

13   98.     Plaintiffs have been forced to bring this Complaint and to pursue this action to vindicate

14   Plaintiffs rights and to prevent the San Mateo County Defendants and the CCC Defendants from

15   continuing to engage in, or refuse to rectify, unconstitutional and arbitrary and capricious conduct

16   prescribed by section 1983.  Plaintiffs are, therefore, entitled to, and seek to recover, an award of

17   attorneys' fees and costs pursuant to 42 U.S.C.  §1983.

18                          **SEVENTH CLAIM FOR RELIEF**

19   (Temporary or Permanent Regulatory Taking of Property Rights Without Just Compensation
     Against the San Mateo County Defendants and CCC Defendants
20   42 U.S.C. §1983, U.S. Const., Fifth Amendment, Cal. Const., Art I, §19)

21   99.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 98 above, and

22   incorporate those allegations herein by this reference.

23   100.   The Seventh Claim for Relief is brought pursuant to the 5th Amendment to the United

24   States Constitution which commands that private property shall not be taken for public use,

25   without just compensation and pursuant to 42 U.S.C. §1983.

26   101.   The Seventh Claim for Relief is also brought pursuant to Article I, Section 19 of the

27   California Constitution which provides in pertinent part: "Private property may be taken or

28   damaged for public use only when just compensation, ascertained by a jury unless waived, has

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO
BURBANK

748\1268067.8

- 25 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC

first been paid to, or into court, for the owner…"  The protection provided by the takings cause of the California Constitution, is broader than, or at least coextensive with, that provided by the takings clause of the Fifth Amendment to the United States Constitution.

102.    The San Mateo County Defendants and CCC Defendants have either temporarily or permanently taken Plaintiffs property without compensation as they have ordered Plaintiffs to keep their private property open to the public at all times and to maintain public access by way of a private road and maintain public parking, even though there is no permit with any such condition nor any easement nor any other basis for imposing the requirement and the San Mateo County Defendants and CCC Defendants do not otherwise have any right of legal access to or use of Plaintiff's property.  The San Mateo County Defendants and CCC Defendants have ordered Plaintiff to run and operate a business of allowing public access to its private property on the terms (including fee, hours of operation, and days of use) dictated by the San Mateo County Defendants and CCC Defendants, thereby depriving Plaintiff of the opportunity to receive a fair return on its investment and/or to recover its costs.  The actions of the San Mateo County Defendants and CCC Defendants therefore constitute a regulatory taking in violation of State and Federal Constitutions.

103.    If the San Mateo County Defendants and CCC Defendants are allowed to force Plaintiff to keep Martins Beach open to the public, Plaintiffs will be permanently deprived of all rights to, and attributes of ownership of its personal property in violation of the State and Federal Constitutions.

104.    Unless the San Mateo County Defendants and the CCC Defendants County are enjoined from committing the above-described violations of Plaintiffs constitutional rights, Plaintiffs will continue to suffer great and irreparable harm.

105.    Plaintiffs have been forced to bring this Complaint and to pursue this action to vindicate Plaintiffs rights and to prevent the San Mateo County Defendants and the CCC Defendants from continuing to engage in, or refuse to rectify, unconstitutional and arbitrary and capricious conduct prescribed by section 1983.  Plaintiffs are, therefore, entitled to, and seek to recover, an award of attorneys' fees and costs pursuant to 42 U.S.C.  §1983.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.      For a declaratory judgment decreeing that Public Resources Code Section 6213.5 is unconstitutional and void pursuant to Article IV, section 16 of the California Constitution;

2.      For a declaratory judgment decreeing that Public Resources Code Section 6213.5 is unconstitutional and void pursuant to Article 1, section 10 of the United States Constitution;

3.      For an injunction enjoining the SLC Defendants and their agents, attorneys, servants, employees, and representatives, and all persons acting in concert or participating with them from enforcing or instituting proceedings to enforce Public Resources Code section 6213.5 against Plaintiffs;

4.      For a declaration that Defendants actions as alleged above are unconstitutional and illegal, and violate Plaintiffs constitutional rights to equal protection of the laws protected by both the United States and California Constitutions;

5.      For an injunction enjoining Defendants and their agents, attorneys, servants, employees, and representatives, and all persons acting in concert or participating with them from requiring Plaintiffs to maintain public access to Martins Beach pursuant to the takings clause in the U.S. and California Constitutions;

6.      For an injunction enjoining Defendants and their agents, attorneys, servants, employees, and representatives, and all persons acting in concert or participating with them from continuing to engage in the illegal and unreasonable conduct as alleged hereinabove;

7.      For attorneys fees and costs of suit; and

8.      For such other and further relief as it may deem just and proper.

Dated:  September 30, 2016                          HOPKINS & CARLEY
                                                    A Law Corporation


                                                    By:  /s/ Dori L. Yob
                                                    _____
                                                        Dori L. Yob
                                                        Attorneys for Plaintiff

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦PALO ALTO
BURBANK

748\1268067.8

- 27 -

COMPLAINT OF MARTIN'S BEACH, 1, LLC AND MARTINS BEACH 2, LLC